# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WILLIAM E. MARTIN

      **Plaintiff,**

  v.
                                    Civil Action 2:17-cv-1145
                                          Judge George C. Smith
                                          Magistrate Judge Elizabeth P. Deavers

JOHN R. KASICH, *et al.*

      **Defendants.**

## ORDER and

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and Correction, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Undersigned finds that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 and therefore **RECOMMENDS** that the Court **DISMISS** his Complaint.

## I.

According to the Complaint, Defendants transported Plaintiff off-site in order to undergo a medical procedure. (ECF No. 1-1 at 5.) Plaintiff states that, while he was away, another prisoner stole his property, which Defendants allegedly failed to properly protect. (*Id.*) According to Plaintiff, Defendants variously allowed the other prisoner to steal Plaintiff's property, destroyed Plaintiff's property, and failed to respond to Plaintiff's grievances. (*Id*. at 5-8.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

**A. Claims against Defendants in their Official Capacities**

As a preliminary matter, § 1983 does not permit Plaintiff to bring his claim for money damages against Defendants in their official capacities. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. In suits for damages, state officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's § 1983 claims against Defendants in their official capacities, therefore, are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

**B. Defendants' Immunity from State Law Claims**

Plaintiff's complaint sounds in tort. *See Nickell v. Gonzalez*, 17 Ohio St. 3d 136, 139, 477 N.E.2d 1145 (Ohio 1985) (setting out the elements of "[t]he tort of lack of informed consent"). With respect to a state law tort claim, a federal court sits as a court of the forum state and is bound to apply its substantive law. *Guaranty Trust Co. v. York,* 326 U.S. 99, 108–09 (1945). The Sixth Circuit has recognized "Ohio law requires that, prior to asserting a claim against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Ohio Revised Code § 9.86." *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). The Ohio Court of Claims has made no such determination in this matter. This Court, therefore, is not in a position to determine whether Defendants are immune from Plaintiff's state law tort claim. Until the Ohio Court of Claims determines that they are not immune, then, Plaintiff's claims are not cognizable in this Court. Prior to the Court of Claims' determination, there is no claim under Ohio law upon which relief can be granted against Defendants in their individual capacity. The only cognizable claim, at least initially, lies against the State of Ohio in the Court of Claims. *Id.* (citing Ohio Rev. Code Ann. § 2743.02(F)). Accordingly, the Undersigned finds that Plaintiff's state law tort claim is not properly before this Court and will not be until such time as a cause of action against Defendants is recognized under Ohio law.

## IV.

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's claims in this matter be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

The Clerk is **DIRECTED** to forward a copy of this Order and Report and

Recommendation to the Attorney General's Office, Criminal Justice Section, Corrections Litigation Unit, 150 East Gay Street, Columbus, OH 43215.

    **IT IS SO ORDERED.**

Date: January 9, 2018　　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
                                                                                ELIZABETH A. PRESTON DEAVERS
                                                                                UNITED STATES MAGISTRATE JUDGE